UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALDO MARONES,<br><br>　　　　　　　Petitioner,<br>　v.<br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 3:18-cv-00447-MMD-WGC<br><br>ORDER |

This *pro se* habeas petition comes before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The filing fee has been paid.

Petitioner has failed to name his custodian as Respondent, which is required in order for this Court to have jurisdiction over his petition. *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which petitioner is incarcerated. Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.") (citations omitted).

It is therefore ordered that, within thirty days of the date of this order, Petitioner will file an amended first page of the petition that includes as an additional respondent the custodian of his institution, which at the time of this order is the warden of Ely State Prison.

///

///

It is further ordered that Petitioner's request for appointment of counsel, included as part of the petition is denied. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition in this case appears sufficiently clear in presenting the issues that Petitioner wishes to raise, and the legal issues are not particularly complex. Therefore, counsel is not justified.

It is further ordered that the Clerk send Petitioner a copy of his papers in this action.

DATED THIS 28th day of November 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE