| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEVADA |
| | * * * |

| | | |
|---|---|---|
| ALDO MARONES, | | Case No. 3:18-cv-00447-MMD-WGC |
| | Petitioner, | ORDER |
| v. | | |
| STATE OF NEVADA, *et al.*, | | |
| | Respondents. | |

Following initial review, the Court ordered Petitioner to file an amended first page of the petition to name the correct Respondent. (ECF No. 5.) Petitioner has done so. (ECF No. 6.) Because the information requested on the first page of the form Petitioner used to file his original petition (ECF No. 1-1) differs somewhat from the information requested on the first page of this Court's form, the amended first page will not replace page one of the original petition but instead will supplement the petition. The petition, as amended, will comprise the amended first page (ECF No. 6) and the entirety of the original petition (ECF No. 1-1).

The Court now directs service of the amended petition and a response.

It is therefore ordered that the Clerk of Court file the petition (ECF Nos. 1-1, 6) together in one document, with ECF No. 6 as the first page of the document and the entirety of ECF No. 1-1 as the remainder. Because this document is an amended petition, it will be reflected on the docket as such.

///

///

It is further ordered that the Clerk add Nevada Attorney General Adam P. Laxalt as attorney for Respondents and informally electronically serve the Nevada Attorney General with a copy of the petition and this order.

It is further ordered that Respondents file a response to the petition, including potentially by motion to dismiss, within 45 days of the date of entry of this order and that Petitioner may file a reply thereto within 30 days of service of the answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

It is further ordered that any procedural defenses raised by Respondents in this case must be raised together in a single consolidated motion to dismiss. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

It is further order that in any answer filed on the merits, Respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents must file a set of state court exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

It is further ordered that all state court record exhibits filed herein be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is so that the Court and any reviewing court

thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

DATED THIS 12th day of December 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE